UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANGEL M., | Case No. 24-cv-03708-AGT |
| Plaintiff, | |
| v. | **ORDER RESOLVING CLAIM FOR REVIEW UNDER 42 U.S.C. § 405(g)** |
| FRANK J. BISIGNANO, et al.,[1] | Re: Dkt. Nos. 9, 16 |
| Defendants. | |

For the following reasons, the Court vacates the ALJ's decision denying benefits to plaintiff Angel M. (Plaintiff)[2] and remands to the Social Security Commissioner for further proceedings.

## I. The RFC Is Not Supported by Substantial Evidence

The ALJ found the opinions of two state agency medical consultants "persuasive." Administrative Record (AR) at 33. Both consultants opined that Plaintiff was capable of "superficial interactions with supervisors and co-workers," *e.g.*, AR 32, and limited to simple instructions. *Id.* But the ALJ found that Plaintiff possessed the residual functional capacity (RFC) to "carry[ ] out simple instructions; [and] occasionally interact[ ] with coworkers

---

[1] Frank J. Bisignano is substituted for Martin J. O'Malley pursuant to Federal Rule of Civil Procedure 25(d).
[2] Plaintiff's name is partially redacted in compliance with Rule 5.2(c)(2)(B) and the recommendation of the Committee on Court Administration and Case Management of the Judicial Conference of the United States.

and supervisors . . . ." AR 25. Without explanation, the ALJ swapped "superficial" for "occasionally."

While an ALJ's RFC finding need not be identical to credible medical opinions, it needs to be consistent with them. *See Turner v. Comm'r of Social Sec.*, 613 F.3d 1217, 1223 (9th Cir. 2010) (accepting limitations that were "entirely consistent" with a physician's evaluation). In another context, the Ninth Circuit has found error when an ALJ changed "few work changes" in an RFC to "occasional work changes" in a question to a vocational expert, noting that "'[o]ccasional' changes may, over time, amount to more than 'few' changes." *Leach v. Kijakazi*, 70 F.4th 1251, 1257–58 (9th Cir. 2023).

Similar reasoning applies in this case. "Occasional" refers to the frequency of interaction. *See Tahni K. v. Comm'r of Soc. Sec.*, No. 23-cv-5761, 2024 WL 49694, at *2–3 (W.D. Wash. Jan. 4, 2024) ("Occasionally is a functional limitation defined as involving 'time' because it relates to how frequently or often the action or interaction occurs."). "Superficial" refers to the caliber of the interaction. *See Kellina M. v. Comm'r, Soc. Sec. Admin.*, No. 22-CV-01997, 2023 WL 6239638, at *2–3 (D. Or. Sept. 26, 2023) ("[T]he term 'superficial,' which is similar to 'cursory,' refers to the quality of the interaction."). As such, occasional interactions may be more than superficial. Because the ALJ credited the consultants' opinions and gave no reason to set aside their assessment, her omission of "superficial" from the RCF was error.

The Commissioner argues that in *Richard Ryan K. v. Saul*, No. 19-cv-506, 2020 WL 6485043 (C.D. Cal. Nov. 4, 2020), and *Dean v. Berryhill*, No. 17-cv-01297, 2019 WL 1170479 (E.D. Cal. Mar. 13, 2019), courts found no material difference between "occasional" and "superficial." Dkt. 16 at 3. These cases are distinguishable. In *Richard Ryan K.*,

the ALJ accorded only "some weight" to the state agency review physicians who opined. 2020 WL 6485043 at *2. Here, the ALJ found the consultants' opinions "persuasive" and "well-supported." AR 33.

In *Dean*, the state agency physicians wrote that, "due to anger issues and irritability [the claimant is] *best limited* to nonpublic settings with superficial interactions with prospective coworkers and supervisors, but claimant *retains appropriate social skills and is able to keep emotions in check*." 2019 WL 1170479 at *6 (emphasis added). *Dean* is inapposite because, here, there was no qualifying language (i.e., "best") in the opinions, and no support that Plaintiff retains social skills or the ability to manage emotions. *See, e.g.*, AR 79 & 96 ("Clmt appears capable of superficial interaction w supervisors and coworkers, within environment that does not involve interaction w the public.").

The Commissioner next argues that the consultants found Plaintiff capable of superficial interactions, but not restricted only to those interactions. Dkt. 16 at 3–4. However, the RFC is defined as the most that a claimant can do despite their limitations. 20 C.F.R. §§ 404.1545(a)(1), 416.945(a)(1). In recommending superficial interactions, the consultants were opining on Plaintiff's RFC. There is no reason to believe that the consultants were recommending anything other than the most that the Plaintiff can do despite his limitations.

This error was not harmless: hypotheticals posed to a vocational expert must account for all functional limitations supported by the record. *See Thomas v. Barnhart*, 278 F.3d 947, 956 (9th Cir. 2002). Here, the ALJ omitted "superficial" without proper justification. Including "superficial" might result in the exclusion of potential positions. *See Kenneth P. v. Saul*, No. 19-CV-0059, 2019 WL 6463449, at *7 (S.D. Ind. Dec. 2, 2019) ("If [the plaintiff] cannot have more than superficial contact with coworkers or supervisors, and *any job* would require

an ability to accept instruction consisting of more-than-superficial contact with a supervisor, then it follows that [the plaintiff] cannot perform any job.").

## II. Plaintiff's Daily Activities Don't Clearly Contradict His Testimony

In setting aside Plaintiff's testimony, the ALJ concluded that Plaintiff's testimony was inconsistent with his daily activities. AR 31. However, upon review of the entire record, Plaintiff's testimony was not clearly contradicted by his daily activities. *See Orn v. Astrue*, 495 F.3d 625, 639 (9th Cir. 2007) (noting that when a plaintiff's daily activities contradict his other testimony, that can form the basis of an adverse credibility determination).[3]

At the hearing, when asked whether he watches television, uses the computer, or games, Plaintiff testified that he played video games and watched television for two hours a day when not completing chores. AR 59–60. He reported to clinicians that he played video games,[4] watched television and movies, listened to music, and walked daily. *See, e.g.*, AR 738 & 889. Plaintiff was not asked at the hearing about walking. His testimony is otherwise consistent.

Plaintiff testified at the hearing that he did chores, but had difficulty leaving the house. AR 53–54. When leaving the house to complete shopping, he never went alone because of his concerns that he would be beaten up, stared down, or shot. AR 55. Instead of looking around while out shopping, he looked at his phone. AR 54.

This testimony is consistent with his reports to clinicians. On January 24, 2023, for

---

[3] The other basis is whether a plaintiff's activities meet the threshold for transferable work skills, *Orn*, 495 F.3d at 639, a ground not cited by the ALJ here.
[4] Plaintiff's gaming is disputed. The ALJ concluded that Plaintiff's testimony at that hearing that he only played video games for two hours a day, *see* AR 32 (ALJ's decision) & AR 60 (hearing transcript), was unsupported by other evidence. AR 32. Specifically, the ALJ wrote that Plaintiff "plays games all day." AR 32. But the progress notes cited by the ALJ in support of this proposition merely include that Plaintiff's daily routine involves sitting and playing games, without any timing element. *See* AR 1088.

4

example, Plaintiff shared with his licensed clinical social worker that, "I still [don't] feel good, I avoid social places due to my Paranoid [thought] process, if I do go to the store, I make no eye contact or avoid looking at others. Fear[ ] I may see someone from Mexico, someone who is out to get me." AR 753–54. And, "even when I walk into stores, I just look at my phone, if I look at people I may have paranoid thoughts, and tend to look and others take it wrong." *Id.*

The ALJ further noted that there were indications in the record that Plaintiff was working and going to school. AR 31. For example, in late November of 2022, Plaintiff reported to clinicians that he was attending school. AR 677. However, by January 2023, Plaintiff was no longer in school. AR 769 (noting that Plaintiff was unemployed and not in school).

In June of 2021, Plaintiff reported working. AR 365. But that position at Dollar Tree was part-time and lasted for approximately one to two months. *See* AR 238, 265, & 769. There is no indication in the record that Plaintiff worked after his separation from Dollar Tree in summer of 2021. *See* AR 265 (work history report). By January 2023, Plaintiff reported that he was unable to work: "I get to[o] paranoid when I work, I get in trouble." AR 753–54.

These brief attempts at work or school don't clearly contradict Plaintiff's testimony. *See Reddick v. Chater*, 157 F.3d 715, 722 (9th Cir. 1998) ("[D]isability claimants should not be penalized for attempting to lead normal lives in the face of their limitations."). Using them as a basis to set aside Plaintiff's testimony was not harmless error.

/ / /

/ / /

### III. Remand Is Appropriate

The ALJ's errors may have been "[ ]consequential to the ultimate nondisability determination." *Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012) (quoting another source), *superseded on other grounds by* 20 C.F.R. § 404.1502(a). Remand is thus warranted. Having reached this conclusion, the Court declines to consider Plaintiff's alternative arguments for remand. *See Hiler v. Astrue*, 687 F.3d 1208, 1212 (9th Cir. 2012).

Conflicts and ambiguities exist in the record, so the case is remanded for further proceedings, not for payment of benefits. *See Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1101 (9th Cir. 2014).

**IT IS SO ORDERED.**

Dated: August 20, 2025

_____
Alex G. Tse
United States Magistrate Judge